1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LON ALLEN CLARK,

                    Plaintiff,

        v.

CORY MCCORMICK, et al.,

                    Defendants.

Case No. 3:24-CV-163-ART-CLB

ORDER ADOPTING IN PART REPORT
AND RECOMMENDATION OF U.S.
MAGISTRATE JUDGE (ECF No. 6)

10      Plaintiff Lon Allen Clark brings this civil rights action against Defendants
11  Cory McCormick, Las Vegas Metropolitan Police Department, City of Las Vegas,
12  and State of Nevada under 42 U.S.C. § 1983. Clark's claims arise out of the events
13  surrounding his arrest on November 15, 2019. In his complaint, Clark states the
14  following claims, which will be numbered in this order for clarity as follows: (1)
15  excessive force during his arrest, (2)(a) denial an attorney during police
16  questioning and retaliation, (2)(b) deliberate indifference with regards to medical
17  care, and (3) racial profiling during his arrest.

18      Before the Court is Clark's motion to proceed *in forma pauperis*, (ECF Nos.
19  1, 4), *pro se* civil rights complaint (ECF No. 1-1), and motion for counsel, (ECF
20  No. 1-4). Magistrate Judge Carla L. Baldwin issued a Report and
21  Recommendation ("R&R") recommending that the *in forma pauperis* application
22  be denied as moot, the complaint be dismissed without prejudice and without
23  leave to amend, and the motion for counsel be denied as moot. (ECF No. 6.)
24  Plaintiff filed objections to the Magistrate Judge's R&R. (ECF No. 7.)

25      For the reasons detailed in this order, the Court ADOPTS IN PART Judge
26  Baldwin's R&R. The Court orders that Plaintiff may proceed with Claim 1 for
27  excessive force against Defendant McCormick. The Court dismisses without
28  prejudice and without leave to amend Claim 2(a). The Court dismisses without

1

prejudice and with leave to amend Claims 2(b) and 3. The Court further dismisses, without prejudice and with leave to amend, Defendants Las Vegas Metropolitan Police Department and City of Las Vegas. The Court further dismisses, with prejudice, Defendant State of Nevada. The Court grants Plaintiff's application to proceed *in forma pauperis* and denies Plaintiff's motion for appointment of counsel. The Court grants Plaintiff leave to amend his complaint, if he wishes to, by November 1, 2024.

## I.    Review of Reports and Recommendations

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## II.    Analysis

Judge Baldwin's R&R recommended dismissal of Plaintiff's complaint because his complaint appears to challenge the constitutionality of his state court criminal conviction. (ECF No. 6 at 4.) Such a challenge must be brought in a habeas corpus action and not under § 1983. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff objects that he is not trying to challenge his conviction. (ECF No. 7.) As such, the Court reviews the R&R *de novo*.

A person may not recover under § 1983 for damages for an allegedly unconstitutional conviction or imprisonment in a state criminal proceeding which resulted in a conviction. *Heck v. Humphrey*, 512 U.S. 477 (1994). Rather, where a plaintiff has suffered conviction in a state criminal proceeding, this type of challenge must be brought in a habeas corpus action. *Id.* at 481-83. In a § 1983

action, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. However, a person may recover under § 1983 for damages where the action would not necessarily imply the invalidity of the conviction or sentence. *Id.* at 482–83; *see also Skinner v. Switzer*, 562 U.S. 521, 533 (2011). Where the complaint alleges claims that sound in habeas and claims that do not, the court should allow the non-habeas claims to proceed. *See Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 681–82 (9th Cir. 1984).

Here, Plaintiff alleges (1) excessive force during his arrest, (2)(a) denial an attorney during police questioning and retaliation, (2)(b) deliberate indifference with regards to medical care, and (3) racial profiling during his arrest. As detailed below, the Court finds that Claim 1 may proceed, Claim 2(a) is barred, Claim 2(b) fails to state a claim as plead, and Claim 3 is barred by *Heck* as plead.

**A. Claim 1: Excessive Force**

An excessive force claim does not necessarily imply the invalidity of a person's conviction. *See Lemos v. County of Sonoma*, 40 F.4th 1002, 1006-07 (9th Cir.) (en banc); *Reese v. County of Sacramento*, 888 F.3d 1030, 1045-46 (9th Cir. 2018) (concluding that § 1983 claim alleging excessive force did not necessarily imply the invalidity of the conviction); *Hooper v. County of San Diego,* 629 F.3d 1127, 1132–33 (9th Cir. 2011) (explaining that a § 1983 action claiming excessive force was used during arrest would not necessarily imply or demonstrate the invalidity of the conviction); *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (explaining that § 1983 claim was cognizable because allegations of excessive force do not affect validity of the criminal conviction).

In deciding whether success on a § 1983 excessive force claim would imply the invalidity of a conviction, the court must determine which acts formed the basis of the conviction, or in the case of a guilty plea, the acts forming the basis

for the plea. "When the factual predicate of the conviction is not clear from the record and the conviction could have been based on an act of resistance or obstruction different from the plaintiff's conduct during the allegedly unlawful use of force, a judgment in the plaintiff's favor in the § 1983 action would not 'necessarily imply the invalidity of [the] conviction.'" *Martell v. Cole*, 115 F.4th 1233, 1240–41 (9th Cir. 2024).

Here, Plaintiff asserts that he was in a lawfully rented U-Haul vehicle and was approached by two officers who did not identify themselves as police and told him to "get out of the way" or "I'll fucking shoot you." (ECF No. 1-1 at 2, 5.) He alleges that as he accelerated his vehicle, he was shot at 7 times and ultimately struck with shrapnel during his arrest while unarmed and attempting to drive away from police officers. (*Id.* at 3, 5; ECF No. 1-2 at 2-3.) Based on the complaint before the Court, the factual predicate to Plaintiff's conviction is not entirely clear, and it could have been based on conduct separate from the conduct during the allegedly unlawful use of force. Thus, Plaintiff's § 1983 action would not necessarily imply the invalidity of the conviction and he may bring this excessive force claim under § 1983. *See Martell*, 115 F.4th at 1240–41.

"Claims for excessive force are analyzed under the Fourth Amendment's prohibition against unreasonable seizures using the framework articulated in *Graham v. Connor*." *Young v. Cnty. of Los Angeles*, 655 F.3d 1156, 1161 (9th Cir. 2011) (citing 490 U.S. 386 (1989)). Under this framework, courts must determine whether the government's use of force was "'objectively reasonable' in light of the facts and circumstances confronting them ...." *Graham*, 490 U.S. at 397. This determination requires a balancing of "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks omitted). In evaluating a Fourth Amendment excessive force claim, a court looks to the totality of the circumstances and considers (1) the severity of the crime at issue,

(2) whether the suspect presents an immediate threat to the officer or to public safety; and (3) whether the suspect is actively resisting or evading arrest. *Id.*

Based on the allegations in the Complaint, Plaintiff was shot by Officer McCormick while unarmed, driving a lawfully rented vehicle during his arrest, causing him injuries requiring surgery. The Court thus finds that Plaintiff, at this stage, has plead a colorable excessive force claim against Defendant McCormick. The Court accordingly DENIES the magistrate judge's recommendation to dismiss this claim. Plaintiff may proceed with claim of excessive force against Defendant McCormick.

### B. Claim 2(a): Denial of Attorney and Retaliation

Plaintiff next asserts that he was denied an attorney during police questioning, and then told that he would be prosecuted to the fullest extent for not speaking with detectives with an attorney present. (ECF No. 1-1 at 4.)

The Court construes this claim of denial of an attorney during police questioning and retaliation as a claim under the Fifth Amendment for violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). The remedy for a violation of the Fifth Amendment right against self-incrimination is suppression at trial; thus, a Plaintiff may not bring a Fifth Amendment claim under § 1983. *Vega v. Tekoh*, 597 U.S. 134, 150-152 (2022). The Court thus agrees with Judge Baldwin's conclusion that this claim cannot be brought under § 1983.

As it would be futile for Plaintiff to amend his § 1983 complaint, the Court dismisses this claim without prejudice but without leave to amend in this action, so that Plaintiff may bring this claim in postconviction proceedings.

### C. Claim (2)(b): Deliberate Indifference – Medical Care

From Plaintiff's complaint, it appears that he alleges inadequate medical care while he was a pretrial detainee.[1] Claims of inadequate medical care in the

---

[1] Because resolution of this claim would not result in would not necessarily imply

context of a pretrial detainee are governed by the Fourteenth Amendment. *Trueblood v. Wash. State Dep't of Soc. & Health Servs.*, 822 F.3d 1037, 1043 (9th Cir. 2016). In order to state a claim for deliberate indifference to serious medical needs as a pretrial detainee, a Plaintiff must show that: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Plaintiff's complaint states that he was transported to the hospital after being shot, was in surgery for five hours, and was then released into the custody of the Metropolitan Police Department. (ECF No. 1-1 at 4.) Plaintiff then alleges he was interrogated by the police. (*Id.*) He then alleges that he "had medical complications and lost weight and severe mental stress." (*Id.*) Based on the allegations in the complaint, Plaintiff has failed to state a claim for deliberate indifference to serious medical needs because Plaintiff fails to provide the Court enough detail regarding whether any Defendant made decisions which put Plaintiff at risk of suffering serious harm, failed to take measures to abate this risk, and thus caused Plaintiff's injuries. Plaintiff also fails to allege which Defendant he alleges took such actions. However, the Court will grant Plaintiff leave to amend his complaint to add such details. If Plaintiff chooses to amend his complaint a to this claim, he should include which Defendant(s) he alleges were responsible for this constitutional violation.

---

the invalidity of the conviction or sentence, it is not barred by *Heck* and may be brought under section 1983. *See Heck*, 512 U.S. at 482–83.

**D. Claim 3: Racial Profiling**

Plaintiff next alleges that his arrest was the result of racial profiling. This also falls under the category of claims which challenge a plaintiff's state court conviction. A finding that there was no probable cause for an arrest would necessarily imply that the conviction was invalid. *See e.g., Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (concluding that claims for false arrest and false imprisonment were not cognizable because a finding that there was no probable cause to arrest plaintiff for disturbing the peace would necessarily imply that plaintiff's conviction for disturbing the peace was invalid).

This claim cannot be brought under § 1983 and must be brought in a habeas corpus action, unless Plaintiff can show that he was not convicted or his conviction was later invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 483–87.

The Court thus agrees with Judge Baldwin's analysis that this claim, as it is plead, cannot be brought under § 1983. However, if Plaintiff can demonstrate that he has not been convicted or his conviction has been invalidated, amendment to his complaint would not be futile. Thus, the Court will grant Plaintiff leave to amend his complaint to demonstrate that he was not convicted, or his conviction was later invalidated, under *Heck*, 512 U.S. at 486-87. If, however, Plaintiff was convicted and the conviction has not been invalidated, Plaintiff should not amend his complaint as to this claim and can choose to bring these claims in a separate habeas corpus action.

**E. DEFENDANTS**

Plaintiff brings his claims against Officer Cory McCormick, Las Vegas Metropolitan Police Department, the City of Las Vegas, and the State of Nevada.

**1. State of Nevada**

States are not suable entities under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (a state is not a "person" within the meaning of § 1983). The enactment of § 1983 did not abrogate the states' Eleventh Amendment

immunity. *Stilwell v. City of Williams*, 831 F.3d 1234, 1245 (9th Cir. 2016). As such, a claim under § 1983 cannot be brought against a state itself. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Because Plaintiff may not bring a § 1983 claim against Defendant State of Nevada, the Court will dismiss this defendant with prejudice as amendment would be futile.

### 2. City of Las Vegas and Las Vegas Metropolitan Police Department

A municipality may not be held liable merely because it employs someone who violates a person's constitutional rights. *Monell v. Dep't of Social Serv. of City of N.Y.*, 436 U.S. 658, 691 (1978). Rather, A municipality may be found liable under 42 U.S.C. § 1983 only where the municipality itself causes the violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell*, 436 U.S. 658. To state a claim for municipal or county liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *City of Canton*, 489 U.S. at 385. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *See Connick v. Thompson*, 563 U.S. 51, 61 (2011). Municipalities are not vicariously liable under § 1983 for their employees' actions. *Id.* at 60.

To show this, a plaintiff must allege that the municipal defendant has "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or a "custom even though such a custom has not received formal approval through the body's official decision-making channels," and that this policy or custom caused the violation of the plaintiff's constitutional rights. *Monell*, 436 U.S. at 690-91. A plaintiff may also establish municipal liability by demonstrating that the alleged constitutional violation was

caused by a failure to train municipal employees adequately. *See City of Canton,* 489 U.S. at 388–91; *Garmon v. County of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016). To allege a failure to train, a plaintiff must include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153–54 (9th Cir. 2021).

Plaintiff's complaint does not allege that any Defendants acted pursuant to an official policy or custom of the City of Las Vegas or Las Vegas Metropolitan Police Department. As such, the allegations in the complaint currently do not support a colorable claim of municipal liability. The Court will grant Plaintiff leave to amend his complaint as to these Defendants. If Plaintiff wishes to bring a claim against the City of Las Vegas and/or Las Vegas Metropolitan Police Department in an amended complaint, he must allege specific facts supporting that the Defendants acted pursuant to an official policy or custom.

### III.    IN FORMA PAUPERIS ("IFP") APPLICATION

As the Magistrate Judge's R&R recommended dismissal of all of Plaintiff's claims, it did not screen Plaintiff's IFP application. As the Court is allowing one of Plaintiff's claims to proceed, the Court now does so.

A person may be granted permission to proceed *in forma pauperis* if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court

and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

Based on the information provided regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915.  Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

### IV.    MOTION FOR COUNSEL

Plaintiff has filed a motion for appointment of counsel (ECF No. 1-4) requesting counsel in this action.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

In the instant case, Plaintiff has neither demonstrated a likelihood of success on the merits nor exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel at this stage.

### V.    LEAVE TO AMEND

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint, he

is advised that an amended complaint supersedes (replaces) the original complaint, and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

## VI.   CONCLUSION

It is therefore ordered that Plaintiff's objection to Judge Baldwin's Report and Recommendation (ECF No. 7) is OVERRULED IN PART.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 6) is ADOPTED IN PART.

It is further ordered that Plaintiff's *in forma pauperis* application (ECF No. 1) is GRANTED. Plaintiff will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

It is further ordered that, pursuant to 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of INMATE'S NAME, INMATE'S PRISON # to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court is directed to send a copy of this order to the Finance

Division of the Clerk's Office.  The Clerk is also directed to send a copy of this order to the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915.

It is further ordered that the Clerk FILE the complaint (ECF No. 1-1).

It is further ordered that Plaintiff's Fourth Amendment excessive force claim (Claim 1) MAY PROCEED against Defendant McCormick.

It is further ordered that Plaintiff's Fifth Amendment claim regarding the denial of an attorney during police questioning and retaliation (Claim 2(a)) is DISMISSED without prejudice but without leave to amend in this action.

It is further ordered that Plaintiff's inadequate medical care claim (Claim 2(b)) and racial profiling claim (Claim 3) are DISMISSED WITH LEAVE TO AMEND, as discussed above.

It is further ordered that Defendants City of Las Vegas and Las Vegas Metropolitan Police Department are DISMISSED from this action, without prejudice and with leave to amend.

It is further ordered that Defendant State of Nevada is DISMISSED from this action with prejudice, as amendment would be futile.

**It is further ordered that if Plaintiff chooses to file an amended complaint, he must do so by November 1, 2024.**

It is further ordered that Plaintiff's motion for counsel (ECF No. 1-4) is DENIED.

Dated this 1st day of November, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE